IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES C. STRADER,
a/k/a Craig James Strader,

      **Plaintiff,**

      v.                                                                                   **CASE NO. 21-3204-SAC**

**STATE OF KANSAS, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, James C. Strader, who is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas, brings this pro se civil rights case naming over eighty defendants. On September 2, 2021, the Court entered an Order (Doc. 3) finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g), finding no showing of imminent danger of serious physical injury, and denying Plaintiff leave to proceed in forma pauperis. This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 6) and Motion to Recuse (Doc. 4).

Local Rule 7.3 provides that "[p]arties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed" and the "motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b).

Plaintiff's allegations in his Complaint are largely incomprehensible but appear to relate to his state criminal case, incidents occurring in 2018 and 2019, and adverse rulings in his prior cases. Plaintiff seeks to have his sentence vacated, his record completely cleared, a full name

1

and social change, his name removed from all databases, and immediate release. "To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The Court examined the Complaint and found no showing of imminent danger of serious physical injury.

In his motion for reconsideration, Plaintiff claims that the document attached to his motion "proves cause to proceed." (Doc. 6, at 1.) Plaintiff states that he filed the attached document on November 25, 2019, and "the events are now taking place . . . murders have occurred with listed witnesses and family even U.S. Judge Esther Salas – her son." *Id*. Plaintiff also claims he has had attempts on his life by being served "food allergy diet." *Id*. at 2. Plaintiff claims that these events are even in the news—"Alex Murdaugh was just shot in head on side of hwy after Plaintiff wrote to warn him." *Id*.

Plaintiff's attachment to his motion, dated November 25, 2019, is largely incomprehensible, and does nothing to show that Plaintiff was in imminent danger of serious physical injury when he filed this case on September 1, 2021. *See id*. at 3–4. The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

Plaintiff has failed to present any of the grounds warranting reconsideration as set forth in Local Rule 7.3. Plaintiff has not set forth an intervening change in controlling law or the availability of new evidence. Plaintiff has not set forth the need to correct clear error or to prevent manifest injustice. The motion for reconsideration is denied.

Plaintiff has also filed a motion for the undersigned to recuse. Plaintiff bases his motion on past adverse ruling and the fact that he has named the undersigned as a defendant. Plaintiff has also named other judges on this Court as defendants, as well as the Clerk of Court and the "Tenth Circuit Court of Appeals."

There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice. *Id*. (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Id*. at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id*. Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Plaintiff does not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). Section (b)(1) is subjective and contains the "extrajudicial source" limitation. *See Liteky v. United States*, 510 U.S. 540 (1994). Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings." *United States v. Nickl*, 427

F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55).  Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*. (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548).  The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id*. at 350–51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960.  A judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant facts, would think about his impartiality.'" *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)).  "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg*, 486 U.S. at 860.

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from those manifestations. *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993).  "[T]he judge's actual state of mind, purity or heart, incorruptibility, or lack of partiality are not the issue." *Id*. (quoting *Cooley*, 1 F.3d at 993).  "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest

unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)). A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted). Judges have a duty to sit when there is no legitimate reason to recuse. *Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351. Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay. *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

The Court finds that no reasonable person would believe that the undersigned's previous rulings implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper. Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality.

Under 28 U.S.C. § 455(b)(5)(i) a judge shall disqualify himself if he "[i]s a party to the proceeding." 28 U.S.C. § 455(b)(5)(i). This provision mandates recusal when a judge "is a named defendant in the action before [him]." *Akers v. Weinshienk*, 350 F. App'x 292, 293 (10th

Cir. 2009) (unpublished). "A judge is not disqualified merely because a litigant sues or threatens to sue him." *Id*. (quoting *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977), *cert. denied* 435 U.S. 954 (1978)); *see also Anderson v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), *aff'd* 894 F.2d 1338 (7th Cir. 1990) (table) (stating that Section 455(b)(5)(i) has not been construed by courts as requiring automatic disqualification, and to guard against judge-shopping "courts have refused to disqualify themselves under Section 455(b)(5)(i) unless there is a legitimate basis for suing the judge") (citations omitted); *United States v. Pryor,* 960 F.2d 1, 3 (1st Cir.1992) (stating that "[i]t cannot be that an automatic recusal can be obtained by the simple act of suing the judge") (citations omitted); *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him") (citations omitted); *In re Murphy,* 598 F. Supp. 2d 121, 124 (D. Me. 2009).

Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Plaintiff's request for the undersigned to recuse is denied.

**IT IS THEREFORE ORDERED BY THE COURT** Plaintiff's Motion to Recuse (Doc. 4) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 6) is **denied.**

**IT IS SO ORDERED**.

Dated September 17, 2021, in Topeka, Kansas.

<u>s/ Sam A. Crow</u>
SAM A. CROW
U. S. Senior District Judge